**Opinion issued September 29, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00360-CV

————————————

## IN THE INTEREST OF B.A.B., K.R.D., J.L.D., AND I.L.D., Children

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-02833J**

---

## MEMORANDUM OPINION

After a bench trial, the trial court terminated the parental rights of appellant and biological mother K.Y.J. to her four minor children. On appeal, she challenges the legal and factual sufficiency of the trial court's finding that termination was in the children's best interest and of its findings of some—but not all—of the predicate acts. We affirm.

## Background

K.Y.J. is the biological mother of four children: B.A.B., who was born in 2009; K.R.D., who was born in 2013; J.L.D., who was born in 2014; and I.L.D., who was born in 2015. The Texas Department of Protective and Family Services first took possession of the children in early May 2015 when the mother was arrested for child endangerment, along with the father of three of the children. The father also was charged with burglary of a motor vehicle. At the time of the arrests, the children—then aged six years, two years, one year, and two months—were found in a car, but only the baby was restrained properly in a child-safety seat. All of the children were dirty and wearing diapers.

While this case was pending in the trial court, the mother completed some of the actions required by a family plan of service. For example, she moved into an apartment with her mother in Victoria, Texas, and she got a job at a thrift shop. She attended court hearings, visited her children, maintained communication with the caseworker, and participated in individual therapy. But she did not complete the recommended actions from her psychological evaluation, nor did she complete a substance-abuse treatment program. She tested positive for cocaine based on hair follicle samples taken in May 2015 and again the following December, when she was pregnant with her fifth child. In addition, the mother pleaded guilty to the

2

state-jail felony of endangering a child, receiving three years' deferred adjudication pursuant to a plea bargain.

The children were placed together in a foster home. They bonded to their caregiver, who wished to adopt them. The oldest child became toilet trained, received dental care for his abscessed teeth, and was enrolled in school after being absent for four months while in his mother's care. His younger sister's speech delay improved with therapy, and his younger brother's eczema improved with a restricted diet.

At trial, the caseworker testified that a psychological evaluation identified the mother's drug use as a cause of her failure to protect her children. She stated that deficits in the mother's memory, judgment, and cognitive functioning suggested that she would be neglectful as a parent. The volunteer advocate serving as guardian ad litem testified that he was concerned about the father's lengthy criminal history, which included domestic assault against the mother, as well as the mother's statement to him that she intended "to allow the father back in their lives" upon his release from prison.

The trial court terminated the parental rights of the mother, finding that she knowingly placed or allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, *see* TEX. FAM. CODE § 161.001(b)(1)(D); engaged in conduct or knowingly placed the children with

3

people who engaged in conduct which endangered their physical or emotional well-being, *see id.* § 161.001(b)(1)(E); was placed on deferred adjudication community supervision for endangering a child in violation of Texas Penal Code section 22.04, *see id.* § 161.001(b)(1)(L); failed to comply with a court order that specifically established the actions required for her to obtain the return of the children who had been in the conservatorship of the Department since their removal for abuse or neglect, *see id.* § 161.001(b)(1)(O); and used a controlled substance in a manner that endangered the health or safety of the children and failed to complete a court-ordered substance abuse treatment program or continued to abuse a controlled substance after completion of a court-ordered substance abuse treatment program, *see id.* § 161.001(b)(1)(P). The court also found that termination of the mother's parental rights was in the best interest of the children. *See id.* § 161.001(b)(2).

The mother appealed.

## Analysis

In proceedings to terminate the parent-child relationship, the Department must establish by clear-and-convincing evidence that one or more of the acts or omissions listed in Family Code section 161.001(b)(1) occurred and that termination is in the best interest of the child. TEX. FAM. CODE § 161.001(b). Both elements must be established, and termination may not be based solely on the best

4

interest of the child as determined by the trier of fact. *Tex. Dep't. of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987).

## I. Predicate acts

"Only one predicate finding" under section 161.001(b)(1) "is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this appeal, the mother challenges the legal and factual sufficiency of the evidence to the support the predicate acts of endangerment and failure to comply with a court order. *See* TEX. FAM. CODE §§ 161.001(b)(1)(D), (E), (O). But she concedes that the evidence is legally and factually sufficient to support the trial court's findings that she was placed on deferred adjudication community supervision for the state jail felony of endangering a child, *see id.* § 161.001(b)(1)(L), and that she used a controlled substance in a manner that endangered the health or safety of the children and failed to complete a court-ordered substance abuse treatment program, *see id.* § 161.001(b)(1)(P). Because the mother concedes that at least one predicate finding is supported by legally and factually sufficient evidence, we do not need to address her challenges to the sufficiency of the evidence to support the other predicate findings. *See* TEX. R. APP. P. 47.1.

## II.    Best interest of the children

Protection of the best interests of the children is the primary focus of the termination proceeding in the trial court and our appellate review. *See A.V.*, 113 S.W.3d at 361. A parent's right to the care, custody, and control of her children is a precious liberty interest protected by the Constitution. *See, e.g.*, *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060 (2000); *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397 (1982). Accordingly, termination proceedings are strictly scrutinized on appeal. *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Clear and convincing evidence must support the decision to terminate parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263–64 (Tex. 2002); *see also Santosky*, 455 U.S. at 747–48, 102 S. Ct. at 1391–92.

Evidence is legally sufficient if it is "such that a factfinder could reasonably form a firm belief or conviction about the truth of the matter on which the State bears the burden of proof." *J.F.C.*, 96 S.W.3d at 265–66; *see* TEX. FAM. CODE § 101.007. We review "the evidence in the light most favorable to the judgment," meaning that we "must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *J.F.C.*, 96 S.W.3d at 266. "If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that

the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *Id.*

In a factual sufficiency review, we consider the entire record, including evidence both supporting and contradicting the finding. *See id.*; *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). "'If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.'" *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam) (quoting *J.F.C.*, 96 S.W.3d at 266).

A strong presumption exists that the children's best interests are served by maintaining the parent-child relationship. *In re L.M.*, 104 S.W.3d 642, 647 (Tex. App.—Houston [1st Dist.] 2003, no pet.). In determining whether termination of a mother's parental rights was in the children's best interest, we consider several nonexclusive factors, including (1) the children's desires, (2) the current and future physical and emotional needs of the children, (3) the current and future physical danger to the children, (4) the parental abilities of the person seeking custody, (5) whether programs are available to assist the person seeking custody in promoting the best interests of the children, (6) plans for the children by the person seeking custody, (7) stability of the home, (8) acts or omissions of the parent that may indicate that the parent-child relationship is improper, and (9) any excuse for

acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). The Department is not required to prove all of these factors, and the absence of evidence about some factors does not preclude the factfinder from reasonably forming a strong conviction that termination is in the children's best interest. *See C.H.*, 89 S.W.3d at 27. Evidence establishing one of the predicate acts under section 161.001(b)(1) also may be relevant to determining the best interests of the children. *See id.* at 27–28.

In this case, the children are currently in foster care, where they are safe and well-bonded to a caregiver who wishes to adopt them. But the mother argues that termination of her parental rights was not supported by sufficient evidence because she participated in visitation and individual counseling, obtained employment and a place to live, attended court hearings, and maintained good communication with her caseworker. The mother's satisfactory actions in compliance with parts of the family plan of service do not conclusively outweigh the clear-and-convincing evidence that termination of the parent-child relationship serves the best interest of the children.

Several of the *Holley* factors are neutral in our analysis of this appeal. None of the children testified, and three of them were too young to express their desired outcome, but the evidence showed that all children were well-bonded to the caregiver who wished to adopt. The record is silent as to whether there are

programs available to assist the mother in promoting the best interests of the children, the mother's plans for the children, and any excuse for the mother's acts or omissions.

Other *Holley* factors weigh in favor of the trial court's finding that termination of the mother's parental rights was in the children's best interest. Chief among these is the element of stability of the home. Stability of the home has been found "to be of paramount importance in a child's emotional and physical well-being." *Quiroz v. Dep't of Family & Protective Servs.*, No. 01-08-00548-CV, 2009 WL 961935, at *10 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (mem. op.). "Without stability," a parent cannot "provide for the child's emotional and physical needs." *In re C.A.J.*, 122 S.W.3d 888, 894 (Tex. App.—Fort Worth 2003, no pet.).

The evidence at trial showed that prior to the Department's intervention, the children moved frequently from one daily-rate motel to another. When the Department took custody of the children, they were dirty and had unmet physical needs, like B.A.B.'s abscessed teeth and the fact that he had not yet been toilet trained at age six. All of the children had developmental delays.

A parent's drug use is also indicative of instability in the home environment because it exposes the children to the possibility that the parent may be impaired or imprisoned. *See In re A.M.*, No. 01-16-00130-CV, 2016 WL 4055030, at *4 (Tex. App.—Houston [1st Dist.] 2016, pet. filed); *P.W. v. Dep't of Family & Protective*

*Servs.*, 403 S.W.3d 471, 479 (Tex. App.—Houston [1st Dist.] 2013, pet. dism'd w.o.j.). The mother continued to use cocaine when she knew it not only exposed her to the possibility of imprisonment but also jeopardized her continued relationship with her four young children. In addition, she used cocaine while she was pregnant with her fifth child. The evidence further showed that the mother's drug use, as well as limitations in her memory, affected her parental abilities and judgment.

While the *Holley* factors weigh in favor of the court's conclusion that termination of the mother's parental rights was in the children's best interest, they are not necessarily the only considerations relevant to determining the best interest of the children. *In re A.C.*, 394 S.W.3d 633, 641–42 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The "prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest." TEX. FAM. CODE § 263.307(a). In determining whether a parent is willing and able to provide a safe environment, we consider several factors, including (1) the ages and vulnerabilities of the children; (2) whether there is a history of abusive or assaultive conduct by the children's family or others who have access to their home; (3) the willingness and ability of the children's family to seek, accept, and complete counseling services and cooperate with agency supervision; (4) the willingness and ability of the children's family to effect positive changes within a reasonable period of time;

and (5) whether the children's family demonstrates adequate parenting skills. *Id.* § 263.307(b).

All of these factors weigh in favor of the trial court's decision. The children were young and had developmental delays making them dependent on others for their care. The father had a long criminal history including a history of domestic assault against the mother, and the mother intended to allow him into their lives upon his release from prison. The mother's failure to complete the court-ordered services in this case showed a lack of willingness to accept and complete counseling services, and her acts and omissions before and during the pendency of the case established that she lacks adequate parenting skills.

Considering all of the evidence in light of the factors relevant to the best interest of the children, we conclude that a reasonable factfinder reasonably could form a firm belief or conviction that termination of the mother's parental rights was in the children's best interest. *See J.F.C.*, 96 S.W.3d at 265–66. We hold that the evidence was legally sufficient to support the trial court's finding that termination of the mother's parental rights was in the children's best interest. Considering the entire record, we likewise find the evidence factually sufficient to support the trial court's best-interest finding. *See id.* at 266. We overrule this issue.

**Conclusion**

We affirm the decree of the trial court.


Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.